UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLOTTE D. LINDSEY,                       No. 12-13939

    Plaintiff,                       District Judge Sean F. Cox

v.                                          Magistrate Judge R. Steven Whalen

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION RE: ATTORNEY FEES

This is a Social Security Disability case brought under 42 U.S.C. § 405(g). On April 9, 2013, after Plaintiff had filed her motion for summary judgment, the parties filed a stipulation petitioning the Court "to enter judgment reversing the Commissioner's decision with remand to the agency for further development and a new decision pursuant to the fourth sentence of 42 U.S.C. § 405(g)." [Doc. #18]. Before the Court at this time is the Plaintiff's Petition for Attorney Fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A) [Doc. #20]. For the reasons discussed below, I recommend the Motion be GRANTED IN PART, reducing the amount claimed to $5,557.65 in attorney fees and costs.

### I.   STANDARD OF REVIEW

The Equal Access to Justice Act ("EAJA") is one of some 131 fee shifting statutes enacted by Congress. *See Coulter v. State of Tennessee*, 805 F.2d 146, 148 (6th Cir. 1986). Specifically, 28 U.S.C. § 2412(d)(1)(A) provides, in pertinent part:

> "Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses...incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency

-1-

action, brought by or against the United States...unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust."

In the context of a Social Security case brought under 42 U.S.C. § 405(g), a plaintiff such as Ms. Lindsey who wins a Sentence Four remand directing further administrative proceedings is a "prevailing party" within the meaning of the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 301-302, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993). Fees awarded under the EAJA must be reasonable. *Glass v. Secretary of HHS*, 822 F.2d 19, 21 (6th Cir. 1987).

## II.   ANALYSIS

### A.   Entitlement to Attorney Fees in the Present Case

While the Commissioner argues that any EAJA fees should be awarded to the Plaintiff, not her counsel, and challenges the reasonableness of the amount claimed, he offers no argument that Plaintiff is not a prevailing party or that the Commissioner's position was substantially justified. I agree that Plaintiff is entitled to EAJA fees.

### B.   Amount of Attorney Fees

Attorney's fees claimed under the EAJA must be reasonable. *Glass v. Secretary of HHS*, 822 F.2d 19, 21 (6th Cir. 1987). As the Supreme Court noted in *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." In *Glass*, 822 F.2d at 21, the Sixth Circuit, citing *Coulter v. State of Tennessee*, 805 F.2d 146, 149 (6th Cir. 1986), recognized "that the rate-times-hours method of calculation, also known as the 'lodestar' approach, includes most, if not all, of the factors relevant to determining a reasonable attorney's fee."

Counsel claims a total of 41.6 hours of attorney time. In *Glass*, the Sixth Circuit noted that "the experienced district judge is very likely correct that twenty to thirty hours may well be the norm for attorneys to handle most [Social Security] cases...." 822 F.2d at 20. Thus, counsel's claim is over the norm. However, the administrative record in this case was substantial, and Plaintiff's brief was well-researched and well-written. Moreover, while the Commissioner quibbles with the hourly rate claimed, he does not argue that the time Plaintiff's counsel expended in this case was unreasonable. Counsel has submitted written documentation of his attorney time, and I agree that it falls within an acceptably reasonable range.

As to the hourly rate, the statutory hourly maximum under 28 U.S.C. § 2412(d)(2)(A) is $125.00, "unless the court determines that an increase in the cost of living or a special factor,...justifies a higher fee." Plaintiff's counsel claims an hourly rate of $180.00. The Commissioner argues that Plaintiff has provided no justification for an hourly rate above $125.00.

In *Bryant v. Commissioner of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009), the Sixth Circuit held that it is the plaintiffs' burden to justify a rate above the statutory maximum, and that they must produce evidence beyond the attorney's own affidavit:

> "In requesting an increase in the hourly-fee rate, Plaintiffs bear the burden of producing appropriate evidence to support the requested increase. *See Blum v. Stenson,* 465 U.S. 886, 898, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984) (considering attorney fees under § 1988, the Court stated, "[t]he burden of proving that such an adjustment is necessary to the determination of a reasonable fee is on the fee applicant"). Plaintiffs must "produce satisfactory evidence-in addition to the attorney's own affidavits-that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.* at 895 n. 11, 104 S.Ct. 1541."

In *Bryant*, the Court found that Plaintiffs did not meet their burden of justifying a higher hourly rate where they submitted only the Department of Labor's Consumer Price

Index in arguing that the rate of inflation supported an increase above the statutory maximum.

In this case, Plaintiff relies on two factors to justify a rate of between $171.06 and $173.01 per hour. First, his motion relies primarily on the Consumer Price Index, from which he calculates a higher-than-statutory rate based on inflation. Secondly, in his reply brief [Doc. 23], counsel argues that his "background of experience in Social Security law" justifies an increased rate. I do not doubt that Mr. Olinsky is an experienced practitioner. However, it does not appear that he himself was the principal attorney for Ms. Lindsey. The Commissioner correctly notes that the time sheets attached to Plaintiff's motion do not indicate who did the work on this case. His affidavit merely states that "all services on this case were rendered by your affiant and my staff." The docket entries and the pleadings, however, show that it was not Mr. Olinsky, but attorney Brandon Sawyer who signed the complaint [Doc. #1] as well as the motion for summary judgment [Doc. #12]. Mr. Olinsky filed a substitution of counsel on March 6, 2013, well after the summary judgment motion was filed, based on the fact that Mr. Sawyer had left the firm. Both Mr. Olinsky and Mr. Sawyer signed the substitution [Doc. #15].

I have not doubt that Mr. Sawyer is a fine lawyer. However, he has not submitted his own affidavit, and Mr. Olinsky's affidavit contains no facts about Mr. Sawyers credentials. Because Mr. Sawyer did the work, Mr. Olinsky's background is not particularly relevant. Nor has Plaintiff submitted any information concerning prevailing rates for Social Security lawyers in this district, information that might show the inadequacy of the statutory rate.

In actuality, then, counsel bases his claim for increased rates on nothing more than the Consumer Price Index. That was considered insufficient in *Bryant*, and it is

insufficient in the present case. Accordingly, EAJA fees will be calculated at the statutory rate of $125.00 per hour, for 41.6 hours, for total attorney fees in the amount of $5,200.00

Plaintiff also seeks payment of $344.00 for 4.3 "administrative hours" at the rate of $80 per hour, and costs in the amount of $13.65. The Commissioner has not objected to these claims, and I find them to be reasonable.

Therefore, Plaintiff will be awarded total EAJA fees and costs of $5,557.65.

### C.   Who Gets the Fees?

In *Astrue v. Ratliff,* ––– U.S. ––––, 130 S.Ct. 2521, 2224, 177 L.Ed.2d 91 (2010), the Supreme Court held that EAJA attorney fees belong to the claimant, not to the claimant's attorney, and that the award of fees "is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." In *Ratliff*, the claimant in fact owed the Government a debt that predated the district court's approval of the EAJA award. However, the Court noted, albeit in dicta, that "the Government has...continued the direct payment [to attorneys] practice where the plaintiff does not owe a debt to the government and assigns the right to receive the fees to the attorney." *Id.* at 2259. In *Cowart v. Commissioner of Soc. Sec.*, 795 Fed.Supp.2d 667 (E.D. Mich. 2011), as in the present case, the Plaintiff assigned EAJA fees to her attorney. Citing a number of post-*Ratliff* cases from other districts, the Court held:

> "In this case, there is a written assignment of any EAJA fees from Ms. Cowart to her attorney. As long she owes no pre-existing debt to the Government, there is nothing in *Ratliff* that would prevent this Court from honoring her assignment. Indeed, to do so would at least partially address Justice Sotomayor's concern, expressed in her concurring opinion in *Ratliff*, that the decision "will make it more difficult for the neediest litigants to find attorneys to represent them in cases against the Government." *Id.* at 2532 (concurring opinion of Sotomayor, J.)." 795 Fed.Supp.2d at 671.

As was the case in *Cowart*, the Commissioner has not indicated whether in fact Ms. Phillips owes money to the Government. I will therefore follow the common practice and recommend that the Commissioner be given the opportunity to determine whether there is a pre-existing debt that would offset the EAJA fees. *See Cowart* at 671-672; *Cutler v. Astrue* 2011 WL 901186, *1 (N.D.Ohio) (N.D.Ohio,2011) (fees payable directly to attorney "after the defendant has completed its customary investigation into any outstanding federal debts owed by the plaintiff"); *Taylor v. Astrue* , 2011 WL 1261138, *2 (N.D.Ill. 2011) ("After the award is entered, if the Government determines that plaintiff owes no such debts, the Government will direct that the fee award and expenses be made payable to plaintiff's attorney pursuant to the EAJA assignment signed by the parties"); *Bates, supra,* at *3 ("Courts...have been consistent in applying *Ratliff* for the proposition that any award—regardless to whom it is paid—is first subject to offset for any preexisting federal debt"). If there is no preexisting debt, then the EAJA fees should be paid directly to the Plaintiff's attorney.

### III.   CONCLUSION

For these reasons, I recommend that Plaintiff's Petition for Attorney Fees [Doc. #20] be GRANTED IN PART, to the extent that EAJA fees and costs be awarded in the total amount of $5,557.65.

I further recommend that no later than 14 days from the date of a final order, the Commissioner determine whether the Plaintiff owes the Government a pre-existing debt. If no such debt is owed, then payment of the EAJA fees should be made directly to Plaintiff's attorney. If the Plaintiff does owe a pre-existing debt, the EAJA fees should be offset by the amount of the debt, with any remainder to be paid to Plaintiff's attorney.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Date: November 22, 2013

### CERTIFICATE OF SERVICE

I hereby certify on November 22, 2013, I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on November 22, 2013: **None**

s/Terri L. Hackman
Secretary to
Magistrate Judge R. Steven Whalen

-7-